FRIEDA KUVIN EPSTEIN, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF FANNIE KUVIN, AND SANFORD KUVIN, PLAINTIFFS-RESPONDENTS, v. HERBERT KUVIN AND SAMUEL KUVIN, AND SAMUEL KUVIN, TRUSTEE AND GUARDIAN FOR LAURENCE KUVIN AND NEIL NATHAN KUVIN, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 24, 1952—Decided December 3, 1952.

See also 19 *N. J. Super.* 372, 88 *A. 2d* 531.

Before Judges EASTWOOD, GOLDMANN and FRANCIS.

*Mr. Max M. Albach* argued the cause for the plaintiffs-respondents.

*Mr. Herbert Kuvin* argued the cause for the defendants-appellants (*Mr. Roswell S. Nichols, Jr.,* counsel for the defendants).

PER CURIAM. At the argument of this appeal the court called the attention of the defendant, Herbert Kuvin, a member of the Bar of this State, and Roswell S. Nichols, Jr., counsel for defendants-appellants, to certain statements made in their brief to the effect that the trial judge had: (1) "erroneously, through sympathy for plaintiff, strained itself into a wrongful legal decision based on improperly admitted evidence;" (2) "Will the court permit a judge, swayed by sympathy and by improperly admitted extraneous evidence, to substitute its will for that of the clear unambiguous words of the decedent? That is the situation in this case."; (3) "A reading of the evidence in this case will clearly indicate that the court's attitude at the time of trial was prejudged and the court was ready to make its decision regardless of the properly and legally admitted evidence produced before it;" and (4) "The decision of the trial court was the result of sympathy towards the plaintiff, Sanford Kuvin, all based on inadmissible or irrelevant testimony." The attempted explanation of Mr. Kuvin and Mr. Nichols was found by the court to be altogether unsatisfactory. Nor do we find the least support in the record to warrant or justify such scandalous and derogatory statements. In fact, there is an absolute dearth of any rulings by or action of the trial court to support such uncalled for assertions. Therefore, under the authority of *In re Glauberman,* 107 *N. J. Eq.* 384 (*E. & A.* 1930), the brief of the appellants will be expunged from the records of this court and neither the defendant, Herbert Kuvin nor Roswell S. Nichols, Jr., will be permitted to argue the appeal. The defendants are directed to engage other counsel to prepare and submit a proper brief and to argue the appeal.